NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3963

_____

UNITED STATES OF AMERICA

v.

SHAQUEL ROCK,
a/k/a SHAQ,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-19-cr-00243-001)
District Judge:  Hon. Freda L. Wolfson

_____

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2020

Before:  JORDAN, MATEY and ROTH, *Circuit Judges.*

(Opinion Filed:  August 12, 2020)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P.
5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Shaquel Rock was sentenced to 120 months in prison after pleading guilty to violating 21 U.S.C. § 846, based on his involvement in a conspiracy to distribute heroin in the Trenton, New Jersey area. He now challenges his sentence, arguing it should be vacated because it overstates his criminal history and career offender status. We will affirm.

## I.   BACKGROUND

The facts are simple and uncontested: from August to October of 2018, Rock participated in a conspiracy to distribute heroin in and around Trenton. He was an "average participant" (App. at 9) in the conspiracy, and his role was to obtain heroin from a co-conspirator and "to re-distribute [it], for profit, to others[.]" (App. at 28.) He was charged with a single count of conspiracy to distribute and possess with intent to distribute heroin. Police became aware of Rock and his illegal activities based on intercepted phone calls he had with his co-conspirators.

After he was arrested and charged, Rock pled guilty to the charge, which specified that at least 100 grams of heroin were involved, resulting in a base offense level of 24. However, based on Rock's criminal history, he qualified as a career offender, since he had committed at least two prior controlled substance felonies. U.S.S.G. § 4B1.1. He had, in fact, been convicted in New Jersey state court of four such felonies over a fourteen-month period from 2012 through 2013, before he was 21 years old. Based on the career offender enhancement, Rock's base offense level was increased to 34, and,

2

after a reduction for cooperation, the final offense level was 31, which meant that the recommended guidelines range for his sentence was 188 to 235 months.

The District Court accepted that calculation, as set forth in the Presentence Investigation Report. The government requested a downward variance to 120 months because of Rock's age, troubled childhood, and lack of a history of violence. Noting that it was "atypical" for the government to recommend a downward variance and that it had independently reached the conclusion that a downward variance was appropriate, the Court sentenced Rock to 120 months. (App. at 197.) In its ruling, the Court cited as mitigating factors Rock's "traumatic upbringing," youth, and merely average participation in the conspiracy. (App. at 197.) Regarding Rock's criminal history, the Court said, "Mr. Rock is a young man, 26, and it is incredibly sad that essentially a serious criminal history all took place within a short period of time. He accumulated all of these points for being a career offender in this 2013 period in about five months, seven months." (App. at 195.) The Court also said that Rock did not have a history of violence, giving that as a further justification for a "substantial variance" and below-guidelines sentence of 120 months. (App. at 197.)

Despite the break he got at sentencing, Rock has appealed.

II.    **DISCUSSION**[1]

Rock argues that his sentence should be vacated because the District Court overstated his criminal history and career offender status. He failed to object to the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

sentence when it was imposed, so we review for plain error. There is, however, no error here, plain or otherwise. The record shows that the District Court reasonably considered and applied the sentencing factors established in 18 U.S.C. § 3553(a).

## A.     Standard of Review

We first address the standard of review. The government argues that Rock did not preserve his objection to the sentence, so we should review for plain error. Rock says that we should review for abuse of discretion. It is true that Rock argued in his pre-sentencing briefing and at the sentencing hearing before sentence was imposed that the Court should "give considerable weight to the lack of violence and the fact that his criminal history occurs in a short span." (App. at 181.) Nevertheless, he did not object to the sentence when it was imposed. We have held that "when a party wishes to take an appeal based on … the court's failure to meaningfully consider that party's arguments or to explain one or more aspects of the sentence imposed[,] that party must object … after [the] sentence is imposed in order to avoid plain error review on appeal." *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Rock did not do that, so he did not preserve his objection. Hence, we review for plain error. *Id.*

To establish plain error, a defendant must show that there was "an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration in original) (quoting Fed. R. Crim. P. 52(b)). Even then, we will only grant relief if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (alteration in original) (quotation marks omitted).

4

## B.       The District Court's Consideration of Rock's Criminal History

We review "a sentence for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). For a sentence to be reasonable, the record must show that the District Court "gave 'meaningful consideration' to [the § 3553(a)] factors" and "reasonably applied those factors to the circumstances of the case." *Id.* at 543. When assessing those factors on the record, the sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). That is particularly true when imposing a sentence outside the guidelines. *Id.* at 357. But the explanation need not be lengthy to be legally sufficient. *Id.*

Rock now claims that the District Court overstated his criminal history and career offender status.[2] But, on the contrary, the sentencing judge here gave proper consideration and weight to Rock's criminal history, particularly its nonviolent nature. She noted that it was "important … that there is no violence involved ever committed by" Rock. (App. at 197.) Regarding his career offender status, she said that "it is incredibly sad that essentially a serious criminal history all took place within a short period of time[,]" demonstrating that she was aware of the timeframe in which his qualifying

---

[2] Rock also appears to argue that it was wrong to treat him as a career offender at all, given his age and the speed with which his crimes were committed. But he does not contend here, nor did he before the District Court, that he does not qualify for career offender status, and any argument that he should not be sentenced as a career offender lacks merit.

career-offender convictions occurred. (App. at 195.) Indeed, it was the non-violent nature and unusually fast accumulation of Rock's criminal history, combined with his traumatic personal history, on which the judge based her decision to impose a sentence with a "substantial variance" – 68 months below the recommended minimum sentence. (App. at 197.) Thus, the sentence was reasonable and, lacking error, can be sustained without moving beyond the first step of the plain error test.

III.    CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.